UNITED STATES v. PACIFIC & A. RY. & NAV. CO. et al.

(First Division. Juneau. April 29, 1912.)

No. 841B.

1. CRIMINAL LAW (§ 97*)—JURISDICTION—INDICTMENT AND INFORMA-
   TION—COMMERCE—CARRIERS.

   The indictment charges the defendants with exacting excessive rates for carrying freight from Skagway, Alaska, to Dawson, Yukon territory. On demurrer, *held* that, since the indictment does not charge that the exaction was wholly in American territory, the court is without jurisdiction, and the demurrer is sustained.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 177–189, 191; Dec. Dig. § 97.*]

2. COMMERCE (§ 89*)—INTERSTATE—CARRIERS—WHARVES.

   The wharf at Skagway, Alaska, used by the White Pass Railway as its terminal receiving and discharging dock, thereby became and is a part of its railway property engaged in interstate and interforeign commerce, and any contemporaneous discrim-

ination in rates charged shippers under substantially similar circumstances and conditions is a violation of the Interstate Commerce Act and its amendments and subject to criminal prosecution without being first submitted to the Interstate Commerce Commission, for the reason that the published rates are presumptively the lawful rates and the rates which bind the carrier until changed by the Interstate Commerce Commission.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 89.*]

John Rustgard, Dist. Atty., of Juneau, for the United States.

Bogle, Graves, Merritt & Bogle and Ira Bronson, all of Seattle, Wash., and Royal A. Gunnison, of Juneau, for defendants.

LYONS, District Judge. The indictment herein charges in three counts the defendants with unjust discrimination among different shippers between Skagway and Atlin, Skagway and Dawson, and Skagway and White Horse, and also with discrimination in wharfage charges among shippers; and each count sets forth specific instances showing such discrimination. But none of the counts charge that there was any discrimination in railroad rates between shippers within American territory, nor do any of the counts allege that the defendant railroad company owned and controlled the connecting lines of railroad and steamships between the summit of White Pass, the boundary line between Canada and Alaska, and White Horse, Dawson, and Atlin.

The defendants have presented substantially the same objections to the indictment and in the same manner as in cause No. 836B (United States of America v. North Pacific Wharves & Trading Co., a Corporation, et al., 4 Alaska, 552), and for the same reasons as stated in the opinion in that case the court will consider the questions involved as if raised by demurrer.

For the reasons set forth in the opinion in cause No. 840B (United States of America v. Pacific & Arctic Railway & Navigation Co., a Corporation, 4 Alaska, 518), the court holds that the court is without jurisdiction to entertain the indictment so far as the same charges discrimination in freight rates in foreign territory.

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

But the indictment does charge the violation of the Inter-state Commerce Law by the railroad company and the wharf company in that a greater wharfage rate was charged by the wharf company to one shipper than was charged to another shipper at the same time and under substantially the same conditions and circumstances, and that the wharf company was used by the railroad company as its terminus and as one of the instrumentalities of said railroad company; that said discrimination in wharf charges against shippers was practiced contemporaneously and under substantially similar circumstances and conditions, and, as before held in causes Nos. 836B and 837B, said wharf is an instrumentality of the common carrier, subject to the act to regulate commerce, and as held in cause No. 840B, supra, the Interstate Commerce Act, together with its amendments, applies to Alaska.

It follows that any contemporaneous discrimination in rates charged shippers under substantially similar circumstances and conditions is a violation of the Interstate Commerce Act and its amendments, and subject to criminal prosecution, without being first submitted to the Interstate Commerce Commission, for the reason that the published rates are presumptively the lawful rates and the rates which bind the carriers until changed by the Interstate Commerce Commission. Therefore, any deviation by the carrier from such published rates is a violation of the Act, and, when the question is submitted to court or jury, there is in that instance a standard to guide the court and jury, to wit, the published rates. Therefore, it becomes unnecessary for the Commission to pass upon that question, for the railroad company has itself established a standard rate. Armour Packing Co. v. United States, 209 U. S. 56, 28 Sup. Ct. 428, 52 L. Ed. 681; Wight v. United States, 167 U. S. 512, 17 Sup. Ct. 822, 42 L. Ed. 258; United States v. Hanley (D. C.) 71 Fed. 675.

Nor are the views, as herein expressed, in conflict with those expressed in cause No. 837B (United States of America v. Pacific & Arctic Railway & Navigation Co., a Corporation, et al., 4 Alaska, 530), for in that case the facts pleaded show that the difference in wharfage charges and the difference in

rates resulted from the through routing privileges which had been granted by the railroad company to the defendant steamship companies in that case, and greater wharfage charges were imposed on freight transshipped from steamboats having no through routing arrangements with the railroad company than was charged for freight under through rating privileges carried by carriers having through routing arrangements with the railroad. The circumstances and conditions under which such charges were made were therefore manifestly different from the circumstances alleged in this indictment, for, as has been frequently held by the court, the sum of the local rates may be greater for the same distance of carriage than the through routing rate, and the wharfage charges might reasonably be less for freight which was carried under through routing arrangements between the steamship companies and the railroad, and the difference of wharfage charges which would be warranted must be a question to be determined in the first instance by the Interstate Commerce Commission, as it is apparent that courts and juries might entertain divergent views as to what or whether any difference in wharfage rates should be allowed under the circumstances.

In the different counts in the indictment in this case, it is charged that the discrimination in wharfage charges was made contemporaneously and under substantially the same circumstances and conditions. For that reason the ruling of the court in cause No. 837B, supra, is not controlling in this case. It may be argued that, the Interstate Commerce Commission having refused to take jurisdiction of common carriers in Alaska, such carriers had no opportunity of filing their schedule of rates and charges; but such state of facts would not warrant them in charging different wharfage rates to different shippers contemporaneously and under substantially the same conditions and circumstances. The Interstate Commerce Act and its amendments have been held to apply and be in force in Alaska. Therefore the fact that the Commission refused to assume jurisdiction in Alaska cannot warrant the common carriers subject to the act to regulate commerce to violate the plan provisions of the statute.

It follows, therefore, that the court is without jurisdiction to determine the discrimination in freight rates between Skagway and Atlin, and Skagway and Dawson, and Skagway and White Horse, as charged in counts 1 and 2 of the indictment, and the demurrers to the said 2 counts may be sustained, so far as those particular questions are attacked by demurrer.

But the court has jurisdiction to determine the question as to whether or not discrimination in wharfage charges, as described in the three counts of the indictment, was practiced as alleged in the indictment, and the counts of the indictment in that respect are sufficient and state a crime against the defendant wharf company and against the defendant railroad company for aiding, inciting, and urging the wharf company to practice such discrimination as is alleged in the indictment.

Let an order be entered in accordance with the views herein expressed.